```
UNITED STATES DISTRICT COURT
Eastern District Texas - Sherman Division
Paul Brown U.S. Courthouse
101 E pecan Street, Room 216, Sherman, TX 75090
_____x

Jake Michael Peterson

v.                                                         Civil Action No.
_____
                                                           4:23CV1002
Denton County Sherriff's Office Chief Deputy Dewayne Dockery    SDJ/KPJ

DCSO Assistant Chief Deputy Barry Caver

DCSO Detention Officer Lawrence Goodno Badge # 4213

DCSO Detention Officer Sean Sullivan Badge # 4276

DCSO Detention Officer Corey Lindamood Badge # 4985

DCSO Patrol Officer Stephen Smith Badge # 3565
_____x
```

COMPLAINT

I. JURISDICTION & VENUE

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights
secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3).
Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff's claims for injunctive relief are
authorized by 28 U.S.C. Section 2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2. The United States District Court Eastern District Texas - Sherman Division is an appropriate venue under 28 U.S.C. Section 1391 (b)(2) because it is
where the events giving rise to this claim occurred.

II. PLAINTIFFS

3. Plaintiff, Jake Michael Peterson, was at all times mentioned herein a prisoner of the State of Texs in the custody of the
Texas Denton County Jail. He is currently released from Denton County Jail custody on deferred adjudication probation in Denton County, Denton, Texas. Sentence is being carried out in Hardin County, Silsbee, Texas under the offices of Hardin County Community Supervision division.

III. DEFENDANTS

4. Defendant, Dwayne Dockery is the Chief Deputy of the state of Texas, Denton County Sheriff's Office, Denton County Jail. He is legally responsible for the overall operation of the institution and each department
under its jurisdiction, including Denton County Jail.

5. Defendant, Barry Caver is the Assistant Chief Deputy of Denton County Jail. He is legally responsible for
the operation of Denton County Jail and for the welfare of all the inmates in Denton County Jail.

6. Defendant, Lawrence Goodno Badge # 4213 is a Detention Officer of the state of Texas, Denton County Sheriff's Office, Denton County Jail who, at all times mentioned in this complaint, held the rank of Sergeant and was assigned to Denton County Jail.

7. Defendant, Sean Sullivan Badge # 4276 is a Detention Officer of the state of Texas, Denton County Sheriff's Office, Denton County Jail who, at all times mentioned in this complaint, held the rank of Corporal and was assigned to Denton County Jail.

8. Defendant, Corey Lindamood Badge # 4985 is a Detention Officer of the state of Texas, Denton County Sheriff's Office, Denton County Jail who, at all times mentioned in this complaint, held the rank of Detention Officer and was assigned to Denton County Jail.

9. Defendant, Stephen Smith Badge # 3565 is a Patrol Officer of the state of Texas, Denton County Sheriff's Office who, at all times
mentioned in this complaint, held the rank of Deputy and was assigned to Denton County Jail for the date of the incident described herein.

10. Each defendant is sued individually and in his official capacity. At all times mentioned in this complaint, each
defendant acted under the color of state law.

III. FACTS

11.    On May 9th, 2023, the plaintiff, Jake Michael Peterson, while detained in Denton County Jail did request a Quran from the chaplain's office. They were instructed by the chaplain's office to use the tablet system (a privileged, premium, paid system revocable by detention staff) which had a digital copy of a Quran on file. The plaintiff filed a grievance, citing that a civil right can't be locked behind a paid revocable system. The plaintiff was then informed by the chaplain's office that they had no copies of the Quran available in English. The plaintiff suggested they retrieve the personally-owned one they had in their property at the time they had turned theirself in. The chaplain's office then chose to provide it. On May 19th, 2023 the plaintiff requested a Halal diet. The plaintiff was informed that they did not provide one. The plaintiff then filed a grievance, and it was eventually agreed that they could be provided a vegetarian diet, as this was

technically Halal. The plaintiff agreed to this. On June 7th, 2023, the plaintiff requested access to an Imam and group religious services. The chaplain's office denied them. The plaintiff then filed a grievance pointing out that these services were provided to Christian inmates. The response was a suggestion to attend these services as they were "non-denominational". The plaintiff stated that a Christian religious services group was not Muslim. The administration refused to provide an Imam or any Muslim religious activities. On June 12th, 2023, the plaintiff requested a prayer rug. They were provided one, with a stipulation that they could only pray in the bunk area or the "multi-use" room. The plaintiff agreed to this, and signed a document stating such, as a condition of recieving the prayer rug; it would not be released to them otherwise.

    From the dates of June 13th to June 28th, the plaintiff conducted an Al-Salat prayer every morning in this multi-use room approximately from the hours of 5:15am to 5:40am with no incidents involving the officers on shift. At no time during these dates did the plaintiff's prayer's interfere with security or daily function of the Jail. However, on the morning of June 29th, 2023 while conducting their Al-Salat prayer ritual in the multi-use room of Pod 26, they were interrupted by an officer Corey Lindamood who demanded they cease prayer immediately. The plaintiff declined, and explained to Corey Lindamood what they were doing and when they would be done. Corey Lindamood's response was to radio for a removal team consisting of Sergeant Lawrence Goodno to physically remove the plaintiff from their housing unit. Upon arrival, the removal team refused to carry out a removal and left the Pod. Upon completing their prayer, the plaintiff was handed a bunk restriction (a form of disciplinary) from Officer Corey Lindamood; he cited "disrespect" to staff. The plaintiff refused to sign or acknowledge it. He then radioed for a removal team led by Lawrence Goodno, and upon arrival they physically removed the plaintiff from the housing unit and placed them in a transfer cell. Another supervisor then arrived and transferred them to a padded isolation cell, despite not having assaulted or presented a danger to themselve's or others. The plaintiff was denied accesss to water during this time. Lawrence Goodno stated that the plaintiff was housed in this padded isolation cell to facilitate cleaning the original holding cell, despite several other holding cells being open and available, and not addressing why a routine cleaning would have taken 3 hours. The plaintiff was eventually re-housed to a new Pod upon the begining of the next shift. Upon filing a grievance, the plaintiff was informed that they had been detained in this padded cell for "cleaning" purposes and not for disciplinary reasons. This grievance was then closed administratively by Chief Deputy Dewayne Dockery and Barry Caver. On July 12th, 2023 the plaintiff was summarily sentenced to an in-house disciplinary hearing regarding this incident and sentenced to 10 days in isolated confinement.

    The plaintiff then filed a request to have a clergy member meeting setup with a Sunni Imam. They were denied this. On July 10th, 2023 The plaintiff then began conducting a hunger strike in an effort to secure this meeting with a clergy member. On the fourth day of this hunger strike, They were re-housed to a medical observation room where their status and health could be evaluated. The plaintiff was assessed by both mental health workers and medical staff. The plaintiff informed the evaluators that the hunger strike was in response to a violation of the plaintiff's civil rights, and was not deemed suicidal or homicidal.

On July 15th, 2023 while housed in medical observation cell A of the tower infirmary, after having gone 5 days without food intake, the plaintiff was involved in an altercation with a Sean Sullivan Badge #4276 regarding their unanswered request to use a phone to contact their family and inform them of their status. The plaintiff was repeatedly denied access to a phone, despite not having any disciplinary restriction in place or in effect on that date. In an effort to gain access to a phone, the plaintiff used a t-shirt to cover up the in-cell security camera. Sean Sullivan arrived, and reiterated his order that the plaintiff would not gain access to a phone. Sean Sullivan then ordered the plaintiff to remove the t-shirt. The plaintiff then proceeded to remove the shirt and comply with his orders, just as the Corporal entered the cell. The plaintiff attempted to hand over the t-shirt to Sean Sullivan, but the Corporal decided to grab the plaintiff by both wrists and body-slam him with great force into the corner of the cell, up against the shower door. The plaintiff's hands were bruised; their forearms were lacerated and had began bleeding from impact with the wall hangers; their head was slammed into the concrete of the wall; and their lower back was struck by a protruding hanger hook; all of which resulted in great pain and injury. At this time, another officer, a Patrol Deputy Stephen Smith, who is a licensed peace officer performing staff relief functions in the under-staffed jail, responded by entering the cell as well. Together both Sean Sullivan and Stephen Smith proceeded to remove all cloth and sheets from the cell. Sean Sullivan then grabbed the plaintiff's personally-owned Quran and attempted to leave with it. The plaintiff reached out and grabbed it back from the Corporal's hands and clutched it to their chest. The plaintiff was then forcefully shoved onto the bunk. The plaintiff began shouting that Stephen Smith and Sean Sullivan were not authorized to take away their Quran. They both reiterated their demands that the plaintiff release it. The plaintiff would not comply. Stephen Smith then unholstered his X-26 Taser and activated it, threatening to administer a shock if the plaintiff did not release the Quran. The plaintiff re-iterated this was a foundational text and that they had a right to possess it. The plaintiff was ignored, and the demands to surrender posession of the Quran were repeated or the plaintiff would be Tasered. The plaintiff eventually surrendered it. Then Stephen Smith and Sean Sullivan left the cell. An hour later, the plaintiff began to urinate blood, and was examined by medical staff and deemed healthy. Approximately an hour and a half later, the plaintiff was examined by other detention officers, who documented the injuries they sustained, reviewed the use of force incident using the in-cell camera (proving that the plaintiff was in compliance with the order) and provided access to a phone, returned their clothing, their Quran, and provided a grievance form.

The plaintiff filed a grievance on this issue. The jail administrators Chief Deputy Dewayne Dockery and Assistant Chief Deputy Barry Caver would state that they believed this was a justified use of force and that the plaintiff's rights had not been violated. The plaintiff would later be sentenced to an additional 15 days in isolation as a disciplinary measure for their actions. On July 17th, 2023 the plaintiff was fortunate enough to be seen and spoken to by a Muslim medical staff member, who agreed to answer the questions they would have asked an Imam. Upon having their answers, the plaintiff was then able to cease their hunger strike efforts. They were re-housed to an isolation cell, where they would remain until their eventual release from Denton County Jail on July 26th, 2023.

Denton County Jail is ill-equipped to meet the most basic reasonable requests that a Muslim inmate would make, and is not equipped to provide even rudimentary neccesities regarding religious freedoms of inmates. The chaplain's office actively seeks to encourage only a Christian mainline view, and denies alternate religious beliefs the same level of services it provides for Christian beliefs. Denton County Jail also utilizes brutal force and intimidation tactics such as physical violence, arbitrary isolation, and deprivation of communications access to silence inmates who bring attention to these conditions. The Denton County Jail administration actively supports and encourages it's officers to use such brutal tactics and willfully disregards it's own use-of-force policies and guidelines by allowing overly-aggressive patrol officers to perform staff relief functions of it's detention officers without informing them of the difference in acceptable use-of-force policies appropiate to a detention facility. Denton County is not aware of the rights or acceptable use-of-force policies that should be afforded to pre-trial detainees, and actively seeks to dismiss and conceal violations of said policies. The plaintiff continues to feel intimidated and repressed, and is in fear for their physical safety and well-being due to the intimidation tactics and unreasonable uses-of-force employed by Denton County staff in regards to religious practices and by the deliberate indifference the administration displays. The plaintiff physically left Denton County Jail in fear of further reprisals by their staff and county deputies, continuing to this day, as the plaintiff is still subject to Denton County administration's oversight through the political connections to the Denton County Community Supervision Office.

12. Upon information and belief, it is known to the plaintiff that the Chaplain's office oversees the efforts of religious volunteers from local Christian churches to visit the jail and provide group prayer services. Upon information and belief, it is known to the plaintiff that inmates can request Bibles in multiple languages and of multiple Christian denominations. Upon information and belief it is known to the plaintiff that Jewish and Christian inmates recieve special diet trays to comply with their foundational dietary practices. Upon information and belief it is known to the plaintiff that other inmates of a Christian belief were provided access to clergy member visits. Upon information and belief it is known to the plaintiff that following the incident on the date of June 29th, 2023 the chaplain's office issued a revised policy banning group prayer services in multi-use rooms, but continued to allow Christian religious volunteers to meet and gather for group prayers in such spaces. Upon information and belief it is known to the plaintiff that every grievance filed by themselves against the jail's administration was appealed to the highest level of attention; and that the Chief Deputy Dewayne Dockery denied the allegations, even stating that their personal review of the incidents in question were not needed in order to approve their officer's actions.

IV. LEGAL CLAIMS

13. The actions perpetrated by the named defendants herien violated plaintiff Jake Michael Peterson's constituted rights, to freely practice his chosen religion under the 1st Amendment, to be free from cruel and unusual punishment under the 8th Amendment, and not to be discriminated against under the 14th Amendment to the United States Constitution.

14. The plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs described herein. Plaintiff has exhausted all administrative grievance procedures available to him. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the declaratory and injunctive relief which plaintiff seeks.

V. PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays that this court enter judgment granting plaintiff:

15 . A declaration that the acts and omissions described herein violated plaintiff's rights under the Constitution and laws of the United States.

16. A preliminary and permanent injunction ordering defendants Corey Lindamood, Lawrence Goodno, Sean Sullivan, Stephen Smith, Barry Caver, and Dewayne Dockery to attend cultural sensitivity training regarding the religious foundations of Islam, to be administered by a court-appointed and approved Imam. That defendants Sean Sullivan, Stephen Smith, Barry Caver, and Dewayne Dockery be instructed and educated in Denton County's own internal use-of-force policies. That defendant Stephen Smith undergo psychological examination by a court-appointed and approved psychiatrist.

17. Compensatory damages in the amount of $8,000.00 against defendants Sean Sullivan and Stephen Smith, jointly and severally.

18. Punitive damages in the amount of $16,000.00 against defendants Barry Caver and Dewayne Dockery; Punitive damages in the amount of $4,000.00 against defendants Corey Lindamood and Lawrene Goodno; Punitive damages in the amount of $24,000.00 against defendants Sean Sullivan and Stephen Smith.

19. A jury trial on all issues triable by jury.

20. Plaintiff's costs in this suit.

21. Any additional relief this court deems just, proper, and equitable.

Dated: _____

Respectfully submitted,

Jake Michael Peterson
735 North 5th Street, Apt U, Silsbee, TX 77656
(469) 584-2181
jakethesonofpeter@live.com

VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged

therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed in Silsbee, TX on October 20th, 2023

*[signature]*

Jake Michael Peterson

735 N 5th St, Apt U
Silsbee, TX 77656
469-584-2181